UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL NO. 3:13-CV-00846-GNS-DW

DOMONI JERMAYLE BLINCOE                                        PETITIONER

v.

RANDY WHITE, WARDEN                                          RESPONDENT

## MEMORANDUM OPINION AND ORDER

The Court considers Magistrate Judge Whalin's Supplemental Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (Suppl. Findings of Fact, Conclusions of Law and Recommendation, DN 20 [hereinafter "R&R"]) as to Domoni Jermayle Blincoe's ("Blincoe") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Pet. for a Writ of Habeas Corpus under 28 U.S.C. § 2241, DN 1 [hereinafter Pet.]), and Petitioner's Objection to the Magistrate Judge's Suppl. Findings of Fact, Conclusions of Law, and Recommendation (Pet'r's Objection to the Magistrate Judge's R&R, DN 22 [hereinafter Pet'r's Obj.]). In addition, Petitioner's Motion to Substitute Pages (DN 26) is before the Court, and no response has been filed to this motion.  For the following reasons, the Court **ADOPTS** Magistrate Judge Whalin's R&R (DN 20), **OVERRULES** Blincoe's Objection (DN 22), **DENIES** Blincoe's Petition for Habeas Relief (DN 1), and **GRANTS** Blincoe's Motion to Substitute Pages (DN 26).

## I.    BACKGROUND

On March 16, 2010, Blincoe pleaded guilty in Jefferson Circuit Court to 13 counts of first-degree robbery in case 08-CR-3748 and one count each of second-degree robbery,

wanton endangerment, receiving stolen property, carrying a concealed deadly weapon, illegal possession of drug paraphernalia, and possession of marijuana in case 08-CR-3523. (Resp't's Resp. Ex. 2 at 15-18, DN 9-2). Blincoe received a sentence of 20 years on each count of first-degree robbery in case 08-CR-3748, all to run concurrently. (Resp't's Resp. Ex. 2 at 17). The highest sentence he received in case 08-CR-3523 was 10 years on the count of second-degree robbery, to run concurrently with all other counts in that case. (Resp't's Resp. Ex. 2 at 17). As a result, the Jefferson Circuit Court sentenced Blincoe with the two sentences to run consecutively for a total of 30 years of imprisonment. (Resp't's Resp. Ex. 2 at 17).

On March 15, 2011, Blincoe filed a Motion to Vacate Sentence and Conviction pursuant to Kentucky Rule of Criminal Procedure 11.42 ("RCr 11.42"). (Resp't's Resp. Ex. 2 at 19-28). In his motion, Blincoe raised five grounds for relief and only one of those grounds also appears in his Petition, *i.e.*, the claim of ineffective of assistance of counsel for failure to investigate an alleged *Miranda* violation. (*Compare* Resp't's Resp. Ex. 2 at 19, *with* Pet. 1-12, DN 1). The Jefferson Circuit Court denied Blincoe's motion, finding that he had acknowledged at the time of his pleas "that he was satisfied with the services provided to him by his counsel," and holding that an evidentiary hearing was not required. (Resp't's Resp. Ex. 2 at 29-30).

In his brief to the Kentucky Court of Appeals, Blincoe, through appointed counsel, raised only the claim of ineffective assistance of counsel for failure to investigate an alleged *Miranda* violation. (Resp't's Resp. Ex. 2 at 41-48). The Court of Appeals affirmed the Jefferson Circuit Court's denial of Blincoe's RCr 11.42 motion. (Resp't's Resp. Ex. 2 at 70-74). That court found that Blincoe had failed "to set forth any specific facts to support this alleged constitutional violation, and he merely speculates that the statements would have been

2

suppressed had counsel properly investigated." (Resp't's Resp. Ex. 2 at 73). It concluded that, "Blincoe failed to set forth specific facts supporting his motion; consequently, summary dismissal without an evidentiary hearing was appropriate." (Resp't's Resp. Ex. 2 at 74). On August 21, 2013, the Supreme Court of Kentucky denied Blincoe's request for discretionary review. (Resp't's Resp. Ex. 2 at 75).

Blincoe filed his Petition in this Court on August 29, 2013. (Pet.). Respondent filed his response, which included a motion to dismiss the petition, on November 13, 2013. (Resp't's Resp.). In his Findings of Fact, Conclusions of Law, and Recommendation dated April 29, 2014 ("prior R&R"), the Magistrate Judge recommended that Respondent's motion to dismiss be denied and that the Court appoint counsel for Blincoe and conduct an evidentiary hearing. (Findings of Fact, Conclusions of Law and Recommendation, DN 11 [hereinafter "Prior R&R"]). On September 14, 2014, this Court adopted the Magistrate Judge's prior R&R as to Grounds 2-4 of the Petition and granted Respondent's motion for leave to expand the record. (Mem. Op. & Order 4, DN 15). In light of the addition to the record, this Court referred the matter again to the Magistrate Judge for a Report and Recommendation as to Ground 1. (Mem. Op. & Order 4).

The Magistrate Judge has filed his R&R recommending that Respondent's motion to dismiss be granted (R&R 31), and Petitioner has filed his objection to the R&R (Pet'r's Obj.). This matter is thus ripe for adjudication.

## II.     <u>JURISDICTION</u>

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## III.    STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id.*

The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As the Supreme Court has noted, this is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (citation omitted) (internal quotation marks omitted). All findings of fact by the state court are presumed to be correct and can be rebutted only by "clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has recently reiterated that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded

4

jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)) (internal quotation marks omitted).

## IV.   DISCUSSION

### A.   Objections to Supplemental Findings of Fact, Conclusions of Law, and Recommendation

In his Petition, Blincoe raises four grounds for relief: (1) counsel failed to investigate statements that Blincoe made to law enforcement in violation of his *Miranda* rights and failed to suppress those statements; (2) he was deprived of counsel when a deputy sheriff forced him to sign the plea agreement without counsel present; (3) counsel either lied to Blincoe or misadvised him about the existence of a persistent felony offender, second degree ("PFO2") charge; and (4) his plea was not knowingly, voluntarily, and intelligently made because the sheriff forced him to sign the plea agreement and because of counsel's "gross missadvice" [sic]. (Pet. 5, 7, 8, 10). Blincoe candidly acknowledges that he did not raise Grounds 2-4 in the Kentucky state courts. (Pet. 7, 9, 10).

The Magistrate Judge concluded in his R&R that, even if *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), applied in Kentucky, Blincoe's claims are nevertheless procedurally defaulted because, in light of the evidence provided by Respondent, Blincoe's claims all fail to meet the prejudice requirement of *Coleman v. Thompson*, 501 U.S. 722 (1991). (R&R 20-30).

In his Objection, Blincoe waived Ground 1 of his Petition (Pet'r's Obj. 25 ("As [B]lincoe waives ground 1 of the petition[].")). He raises numerous objections, however, to

5

the Magistrate Judge's analysis of Grounds 2-4.[1] First, he argues that Grounds 2-4 are not procedurally defaulted because he did not have knowledge that they were claims at the time he filed his RCr 11.42 motion. (Pet'r's Obj. 5-10). Second, Blincoe argues that, because there is an absence of proof that he knew that he was not being charged with being a PFO2 at the time he pleaded guilty, the conclusion that Grounds 3 and 4 lack merit is inappropriate. (Pet'r's Obj. 11-17). Third, he argues that, his first objection notwithstanding, *Martinez* and *Trevino* apply to Kentucky's post-conviction relief procedures. (Pet'r's Obj. 20-22). Fourth, Blincoe argues that the video record of his guilty plea does not refute his claims, as the Magistrate Judge stated, because it does not address the fact that counsel was not present when the deputy sheriff coerced Blincoe into signing the plea agreement. (Pet'r's Obj. 22-23). Fifth, Blincoe objects to the Magistrate Judge addressing Grounds 2-4 collectively, rather than independently, as the standards for each claim were different. (Pet'r's Obj. 23-25). Sixth, he objects to the portion of the Magistrate Judge's R&R that categorizes the PFO2 issue as confusion on the part of counsel rather than a deliberate falsehood made to induce Blincoe to accept the offered plea agreement. (Pet'r's Obj. 25-26). Seventh, Blincoe argues that because he had no state remedy available when he raised Grounds 2-4, the exhaustion requirement is inapplicable. (Pet'r's Obj. 27). Eighth, he argues that the Magistrate Judge did not have the authority to revisit Grounds 2-4 because the referral to him included only Ground 1. (Pet'r's Obj. 27-28). Ninth, Blincoe objects to the Magistrate Judge's assertion that Blincoe told the Jefferson Circuit Judge that he had had time to speak with counsel prior to the plea. (Pet'r's

---

[1] The scope of the referral to the Magistrate Judge did not include Grounds 2-4, and Blincoe has objected to consideration of those grounds.  As outlined herein, the Court has fully considered his objections as to Grounds 1-4 even if they were not properly before the Magistrate Judge, and concludes that Blincoe has failed to show that he is entitled to relief on any of the grounds asserted.

Obj. 28-29). Tenth, Blincoe objects to the Magistrate Judge's assertion that trial counsel raised the issue of the non-existent PFO2 charge to the court. (Pet'r's Obj. 29-35). Finally, Blincoe objects to the Magistrate Judge's recommendation that a certificate of appealability not issue. (Pet'r's Obj. 35-37).

### 1.    *Procedural Default*

Blincoe argues that Grounds 2-4 are not procedurally defaulted because he did not have knowledge that they were claims at the time he filed his RCr 11.42 motion. (Pet'r's Obj. 5-10). A procedural default occurs when a state prisoner has failed to comply with an independent and adequate state rule, and thus was unable to assert his federal claims before the state courts. *Coleman*, 501 U.S. at 729. In this case, the independent and adequate state rule is RCr 11.42(3), which states, "The motion shall state *all* grounds for holding the sentence invalid of which the movant has knowledge." Ky. R. Crim. P. 11.42(3) (emphasis added).

Kentucky case law is clear that "knowledge" in RCr 11.42(3) refers to knowledge of the *facts* underlying an RCr 11.42 motion. *Collins v. Commonwealth*, No. 2011-CA-002105-MR, 2013 WL 2257673, at *6 (Ky. App. May 24, 2013); *Thomas v. Commonwealth*, No. 2010-CA-000227-MR, 2011 WL 2553519, at *3 (Ky. App. June 10, 2011); *Elliott v. Commonwealth*, No. 2004-CA-000065-MR, 2005 WL 3441361, at *4-5 (Ky. App. Dec. 16, 2005). At the time of the filing of his RCr 11.42 motion, Blincoe was aware that the deputy sheriff had told him to sign his plea agreement without counsel present and was aware of the issue or confusion regarding the non-existent PFO2 charge. Those issues, however, were not raised in his RCr 11.42 motion. Thus, Blincoe could not successfully raise Grounds 2-4 to the Kentucky courts in an impermissible successive RCr 11.42 motion. *McQueen v.*

7

*Commonwealth*, 949 S.W.2d 70, 70-71 (Ky. 1997). He would be prohibited from raising any issues in a motion pursuant to Kentucky Civil Rule 60.02 ("CR 60.02") "that could reasonably have been presented by RCr 11.42 proceedings." *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983) (internal quotation marks omitted). Blincoe's objection must, therefore, be overruled.

The independent and adequate rules of RCr 11.42 and CR 60.02 provide that Blincoe may not now raise the federal claims in Grounds 2-4 which he did not assert before the Kentucky state courts. Accordingly, absent a showing of cause and prejudice or a showing of actual innocence, Blincoe's Grounds 2-4 are procedurally defaulted, and this Court may not reach their merits. *Dretke v. Haley*, 541 U.S. 386, 388 (2004).

## 2.   *Exhaustion Requirement*

Blincoe next argues that because he had no state remedy available when he raised Grounds 2-4, the exhaustion requirement is inapplicable. (Pet'r's Obj. 27). "A habeas petitioner is 'generally required to exhaust state remedies . . . .'" *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

"If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). To that extent, Blincoe is correct that he has no remedies to exhaust; he is

foreclosed from raising Grounds 2-4 in Kentucky states courts. RCr 11.42(3); *McQueen*, 949 S.W.2d at 70-71. That does not end the analysis as to exhaustion, however.

"[T]he prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense . . . ." *Hannah*, 49 F.3d at 1196 (citing *Coleman*, 501 U.S. at 750-51). In order for this Court to consider Blincoe's Grounds 2-4, he must show cause and prejudice. Blincoe understandably argues that *Martinez* and *Trevino* apply to Kentucky post-conviction procedures: they provide him with an argument for cause. The Magistrate Judge, however, held that regardless of the applicability of *Martinez* and *Trevino*, Blincoe could not show the requisite prejudice as to Grounds 2-4 because Blincoe's objection is refuted by the record of the change of plea hearing before the state court. (R&R 29-30). The exhaustion requirement applies in full force to Blincoe's petition, and it prohibits this Court from granting his petition for habeas relief.

### 3.  *Grounds 3 and 4 Lack Merit*

Blincoe next argues that, because there is no proof that he knew that he was not being charged with being a PFO2 at the time he pleaded guilty, the Magistrate Judge's conclusion that Grounds 3 and 4 lack merit is inappropriate. (Pet'r's Obj. 11-17). "The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (citation omitted). It is thus Blincoe's burden to show that he received ineffective assistance of counsel and that he did not enter into his plea agreement knowingly and voluntarily.

Unfortunately for Blincoe, he cannot carry that burden. The state court video record reflects that Blincoe's attorney put on the record that during plea bargaining discussions, the

Commonwealth agreed not to seek an indictment of Blincoe as a PFO2. (DVD: *Commonwealth v. Blincoe*, Mar. 6, 2010 (Attorney General, Commonwealth of Kentucky 2011), 9:50-10:22). At that point, while the presiding judge had accepted Blincoe's plea, the hearing had not adjourned. The opportunity remained for Blincoe to halt the proceedings, talk to his attorney, and have the attorney explain that the plea was not valid because of the issue of the non-existent PFO2 charge. He did not do so, with the result that he cannot now allege that counsel provided ineffective assistance regarding the potential PFO2 charge, and he cannot now allege that his plea was not knowing and involuntary on that ground. Accordingly, the Magistrate Judge is correct that Grounds 3 and 4 lack merit, and Blincoe's objection is overruled.

### 4.   **Martinez *and* Trevino**

Blincoe next argues that, his first objection notwithstanding, *Martinez* and *Trevino* apply to Kentucky's post-conviction relief procedures so he is able to show cause to excuse his procedural default. (Pet'r's Obj. 20-22). He is correct. The Sixth Circuit has recently held that *Martinez* and *Trevino* do apply in Kentucky. *Woolbright v. Crews*, 791 F.3d 628, 636 (6th Cir. 2015). As discussed below, however, the fact that *Martinez* and *Trevino* may provide cause for procedural default to Kentucky prisoners who raise claims of ineffective assistance of trial counsel does not assist Blincoe in his petition for habeas relief.

### 5.   *Absence of Counsel*

Next, Blincoe argues that the video record of his guilty plea does not refute his claims, as determined by the Magistrate Judge, because it does not address the fact that counsel was not present when the deputy sheriff told Blincoe to sign the plea agreement. (Pet'r's Obj. 22-23). In his objection, Blincoe clarifies that he was not coerced by the deputy sheriff; rather,

his claim is premised on absence of counsel, *i.e.*, the deputy sheriff should have gotten Blincoe's counsel when Blincoe asked. (Pet'r's Obj. 26). During his change of plea hearing, however, Blincoe affirmed that he had reviewed all of the documents associated with his guilty plea with his attorney and understood the information therein. (DVD: *Commonwealth v. Blincoe*, Mar. 6, 2010 (Attorney General, Commonwealth of Kentucky 2011), 5:09-5:22). Thus, even if the deputy sheriff did not retrieve Blincoe's counsel when asked, Blincoe affirmed in open court that he had the opportunity to review the guilty plea with counsel. Accordingly, the fact that the video record does not contain Blincoe's encounter with the deputy sheriff is irrelevant. This objection is thus overruled.

### 6.    *Addressing Grounds 2-4 Collectively*

Blincoe objects to the Magistrate Judge addressing Grounds 2-4 collectively rather than independently. (Pet'r's Obj. 23-25). He premises this objection on the idea that each ground necessitates a different standard of review. (Pet'r's Obj. 23-25). He believes that Ground 2 regarding absence of counsel should be analyzed under *United States v. Cronic*, 466 U.S. 648 (1984), Ground 3 regarding the non-existent PFO2 charge issue under *Hill v. Lockhart*, 474 U.S. 52 (1985), and Ground 4 alleging that his plea was involuntary and unknowing under *Boykin v. Alabama*, 395 U.S. 242 (1969). (Pet'r's Obj. 24-25).

Without addressing the correct standards for each ground, it is appropriate to address all three grounds together because all three grounds are resolved in favor of Respondent by one piece of evidence: the video record of the hearing. The Magistrate Judge thoroughly and correctly addressed how the video record of Blincoe's change of plea hearing resolves each ground. (R&R 4-5, 25 n.41, 28, 31). The Court will not rehash that reasoning herein, and Blincoe's objection is overruled.

11

### 7.    *Factual Assertions*

Blincoe objects to several factual assertions made by the Magistrate Judge in his R&R. He objects to the portion of the Magistrate Judge's R&R that characterizes the PFO2 issue as confusion on the part of counsel rather than a deliberate falsehood made to induce Blincoe to accept the offered plea agreement. (Pet'r's Obj. 25-26). Blincoe also objects to the Magistrate Judge's conclusion that Blincoe told the Jefferson Circuit Judge that he had had time to speak with counsel prior to the plea. (Pet'r's Obj. 28-29). Finally, Blincoe objects to the Magistrate Judge's assertion that trial counsel raised the issue of the non-existent PFO2 charge to the court and Blincoe. (Pet'r's Obj. 29-35).

As to the first objection, Blincoe has offered no evidence that counsel's alleged failure to inform him that there was no PFO2 charge was a deliberate falsehood. The video record reflects that counsel stated in open court that "there was some confusion" on the part of the Commonwealth Attorney about the fact that Blincoe had not been indicted as a PFO2, and so discussions about that charge were "in the mix" during plea negotiations. (DVD: *Commonwealth v. Blincoe*, March 6, 2010 (Attorney General, Commonwealth of Kentucky 2011), 9:50-10:23). Absent some evidence of a deliberate falsehood or deliberate concealment on the part of counsel, the Court relies on the evidence in the record: counsel's statements to the court in Blincoe's presence during the change of plea hearing.

As to Blincoe's second objection, the Magistrate Judge stated only that "Blincoe was asked whether he had sufficient time to speak with his trial counsel prior to executing the plea agreement and motion for change of plea." (R&R 28). The Magistrate Judge also noted that, despite having purportedly just been coerced by the deputy sheriff to change his plea, "when the trial court asked Blincoe if anyone had forced him to sign the plea agreement or the

motion for a change of plea, Blincoe bluntly denied any coercion." (R&R 28).   These are simple factual statements fully supported by objective evidence in the record and are certainly not in error.

Finally, as discussed above, trial counsel did in fact raise the issue of the non-existent PFO2 charge during Blincoe's change of plea hearing. (DVD: *Commonwealth v. Blincoe*, March 6, 2010 (Attorney General, Commonwealth of Kentucky 2011), 9:50-10:23).  As discussed above, while the judge had accepted Blincoe's plea at that point, the hearing had not concluded. If Blincoe wanted time to discuss his plea with his attorney, and potentially withdraw it, that option was still available to him. The Magistrate Judge made no factual misstatements as alleged by Blincoe. His objection is thus overruled.

### 8.   *Certificate of Appealability*

Finally, Blincoe objects to the Magistrate Judge's recommendation that a certificate of appealability not issue. (Pet'r's Obj. 35-37). Blincoe may not appeal this Court's decision to the Sixth Circuit Court of Appeals absent a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate of appealability to issue, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the evidence in the record— in particular the videotape of the state change of plea hearing— no reasonable jurist could conclude that Blincoe can establish the prejudice necessary to overcome his procedural default of Grounds 2-4. Accordingly, the Magistrate Judge correctly concluded that no certificate of appealability should issue.

13

**B.**     **Plaintiff's Motion to Substitute Pages**

Blincoe has moved to substitute six pages (pages 25, 27, 28, 31, 32, and 34) from his objections to correct typographical errors, and no response has been filed.  The Court will grant this motion.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.     Petitioner's Objection to the Magistrate Judge's Supplemental Findings of Fact, Conclusions of Law, and Recommendation (DN 22) is **OVERRULED**;

2.     The Magistrate Judge's Supplemental Findings of Fact, Conclusions of Law and Recommendation (DN 20) is **ADOPTED** as and for the opinion of this Court;

3.     Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED WITH PREJUDICE**;

4.     Petitioner's Motion to Substitute Pages (DN 26) is **GRANTED**; and

5.     The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
November 24, 2015

cc:     counsel of record
         Petitioner, *pro se*

14